Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7819 | **DATE** | 8/31/2001 |
| **CASE TITLE** | Maurice Rowell, et al vs. Board of Educ. of Sch. Dist. 161, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' motion to dismiss [7-1]. For the reasons stated in the attached order, the motion is granted. Case terminated. See attached order.

Status hearing set for Oct 31, 2001 is stricken.

/s/ Charles R. Norgle

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 04 2001 date docketed | |
| ✗ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 01 AUG 35 AM 8:05 | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAURICE and ANDREA ROWELL, as parents, and on behalf of MONIQUE, JUSTIN, and JASMINE ROWELL,<br>  Plaintiffs,<br>v.<br><br>BOARD OF EDUCATION OF SCHOOL DISTRICT NO 161; BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 233; REGINALD NOLAN, in his official capacity as Superintendent of School District No. 161; LAURA MURRAY, in her official capacity as Superintendent of School District No. 233; JAY HOLLINGSWORTH, as principal of Western Avenue Elementary School; and PAMELA ALLEN-TUCKER, in her official capacity as Assistant Vice-Principal of Homewood-Flossmoor Community High School,<br>  Defendants. | Case No. 00 C 7819   DOCKETED SEP -4 2001<br><br>HONORABLE CHARLES R. NORGLE, SR. |
| HOMEWOOD-FLOSSMOOR COMMUNITY SCHOOL DISTRICT NO. 233,<br>  Plaintiffs,<br>v.<br>MAURICE and ANDREA ROWELL,<br>  Defendants. | Case No. 01 C 3518<br><br>HONORABLE CHARLES R. NORGLE, Sr. |

**OPINION AND ORDER**

CHARLES R. NORGLE, SR., District Judge:

Before the court are: (1) Defendants' motion to dismiss in case number 00 C 7819; and (2) Plaintiff's motion to remand in case number 01 C 3518. For the following reasons, the court grants both motions.

## I. BACKGROUND

These cases arise out of a disputed residency requirement determination and entitlement to free public school education. The court takes the relevant facts from the parties' pleadings and exhibits.

On August 1, 1998, the Rowell family leased and moved into a condominium in Flossmoor, Illinois. (00 C 7819 R. 1, Compl., ¶ 13.) The record does not reflect the number of rooms in the condominium. In this same time period, the parties do not dispute that the Rowells also owned a home in Calumet City, Illinois. (Id. at ¶ 14.) In August 1998, Monique Rowell enrolled as a sophomore at Homewood-Flossmoor Community High School, located in School District 233. (Id. at ¶ 71.) Around that same time, Justin Rowell enrolled as a third grade student at Western Avenue Elementary School in Flossmoor, located in School District 161. (Id. at ¶ 49.) On September 3, 1998, the Rowells executed a real estate contract for the purchase of the Flossmoor condominium. (Id. at ¶ 12.)

On October 2, 1998, Justin was injured at school. During that incident, Justin told District 161 school officials that he lived in Calumet City. (See 00 C 7819, R. 7, Mot. to Dismiss, Ex. B, pg. 2.) Following Justin's statement, the Rowells received a letter from District 161 stating that it had determined that Justin was not a resident of the district, and that they could request a hearing to contest the district's finding. (See id., Ex. A, pg. 2.) On November 6, 1998, the Rowells received a similar letter from District 233 stating that it had determined that Monique was not a resident of the district, and that they could request a hearing to contest the district's finding. Id.

The Rowells requested a hearing in each district, and the respective districts selected hearing officers for the proceedings. The hearings were held in late November 1998, with the determination

being made that both Justin and Monique were not residents of each school's respective district, and should be dis-enrolled immediately. (See 00 C 7819 R. 7, Mot. to Dismiss, Ex. A, pg. 2.)

In January 1999, the Rowells sought review of these administrative decisions in the Circuit Court of Cook County, where the cases where consolidated. (Id.) The Rowells also sought a stay of the administrative determinations, which the Circuit Court granted, allowing the children to remain in school until the matter was resolved. (Id.) On April 8, 1999, the Circuit Court upheld the administrative decisions, finding that the Rowells had not proven that they were district residents during the 1998-1999 school year, given the fact that they were unable to explain why they spent an inordinate amount of time in their Calumet City home instead of the Flossmoor condominium. (Id. at 5 - 6.)

The Rowells then appealed the Circuit Court's decision, raising three issues for review: (1) the administrative findings were against the manifest weight of evidence; (2) denial of due process; and (3) the Circuit Court improperly considered documents beyond the record on review. (See id., Ex. B, pg. 2.) The Appellate Court of Illinois granted another stay of the administrative determinations, allowing the children to remain in school until the end of the 1998-1999 school year while the matter was resolved. (See 00 C 7819, R. 11, Resp. to Mot. to Dismiss, Ex. A.) The Appellate Court of Illinois ultimately affirmed the Circuit Court's decision in an order dated August 18, 2000. (See 00 C 7819, R. 7, Mot. to Dismiss, Ex. B, pg. 18.)

Notwithstanding the Circuit Court's ruling, and prior to the Appellate Court's ruling, the Rowells attempted to re-enroll Monique and Justin in Districts 233 and 161 for the 1999-2000 school year. (Pls.' Compl., ¶¶ 16, 25, 37.) The Rowells also attempted to enroll their youngest child, Jasmine, in District 161. The Districts did not allow the Rowell children to enroll for the 1999-2000

school year. The Rowells claim that the Districts based their decisions on the Circuit Court having affirmed the administrative findings, and because the Rowells presented no additional proof establishing residency in Flossmoor. (Id. at ¶¶ 16, 27, 40.) The Rowells sought temporary injunctive relief for the children to attend the Flossmoor schools during the 1999-2000 school year. (See Pls.' Resp. to Defs.' Mot. to Dismiss Compl., pg. 6.) On the day scheduled for this injunctive hearing, the parties settled the case, so that the Rowell children were allowed to attend the Flossmoor schools without further challenge to their residency. (Id.)

On December 13, 2000, the Rowells filed case number 00 C 7819 seeking relief for alleged violations of 42 U.S.C. § 1983. The suit contains five counts presented in reverse chronological order. Counts I, II and III allege procedural due process and equal protection claims arising out of the Districts' refusal to enroll the Rowell children for the 1999-2000 school year. Counts IV and V allege procedural due process and equal protection claims arising out of the administrative hearings for the 1998-99 school year.

On April 3, 2001, District 233 filed a suit in the Circuit Court of Cook County, alleging that the Rowells are liable to it for Monique's tuition for the 1998-99 school year. This complaint alleged two state law counts based on the Illinois School Code and Illinois common law. On May 11, 2001, the Rowells removed the suit to this court, where it was given case number 01 C 3518 and consolidated with case number 00 C 7819. District 233 now moves to remand case number 01 C 3518 pursuant to 28 U.S.C. § 1447(c), arguing that the court lacks subject matter jurisdiction.

**II. DISCUSSION**

The court first addresses the motion to dismiss in 00 C 7819, and then addresses the motion to remand in 01 C 3518.

4

### A. Motion to dismiss case no. 00 C 7819:[1]

Defendants bring their motion under Federal Rules of Civil Procedure 12(b)(1) & (6). Defendants argue that the suit is barred by the Rooker-Feldman doctrine, res judicata, and that it fails to state a claim upon which relief can be granted. As explained below, the court decides this case on the Rooker-Feldman doctrine, qualified immunity, and on mootness grounds. The court does not reach the issues of res judicata or failure to state a claim.

In making its decision, the court has examined matters outside of the complaint, namely the exhibits attached to Defendants' motion to dismiss, Plaintiffs' responsive brief, and the exhibits attached thereto. "It is proper for the district court to look beyond the jurisdictional allegations in the complaint and to view whatever evidence has been submitted in determining whether subject matter jurisdiction exists under Rule 12(b)(1)." Roman v. U.S. Postal Service, 821 F.2d 382, 385 (7th Cir.1987).

#### 1. Rooker-Feldman:

The Rooker-Feldman doctrine instructs that federal district courts do not have subject matter jurisdiction to review decisions of state courts. See Levin v. Attorney Registration and Disciplinary Commission, 74 F.3d 763, 766 (7th Cir. 1996) (federal district courts "'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'") (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)); see also Remer v. Burlington Area School District, 205 F.3d 990, 996 (7th Cir. 2000) (discussing Rooker-Feldman doctrine). And,

---

[1] In its discussion of case number 00 C 7819, the court refers to Defendants collectively simply as "Defendants."

federal district courts may not review a claim that is inextricably intertwined with a state court judgment, even if the precise claim at issue was not argued in state court. Remer, 205 F.3d at 996; Kamileicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996); see also Edwards v. Illinois Board of Admissions to the Bar, -- F.3d --, No. 00-2146, 2001 WL 946629, *4 (7th Cir. Aug. 22, 2001) (discussing Rooker-Feldman, and noting that to determine whether an injury is inextricably intertwined, the court is to focus on whether it is being called upon to review the state court decision)

A litigant receiving an unfavorable decision in state court must use the state court appellate procedure, and, if necessary petition the United States Supreme Court for a writ of certiorari. See Levin, 74 F.3d at 766 (and cases cited therein). The litigant simply cannot bring a collateral attack on a state court decision in federal court, absent specific statutory authority to do so. See id. (citing federal habeas corpus relief as an example). As explained below, all of the Rowells' allegations are barred by Rooker-Feldman.

The court addresses the Rowells' allegations in chronological order, which is inverse to their numbering. Counts IV and V allege equal protection and due process violations arising out of the respective Districts' actions against Justin and Monique for the 1998-99 school year. Specifically, Count IV alleges that Justin's hearing on November 24, 1998 was unfair because of a conflict of interest on the part of the lawyer District 161 hired to conduct the hearing. The Rowells allege that the law firm employing the attorney appointed by District 161 to conduct the residency determination hearing had rendered legal services to District 161. As a result of this purported conflict of interest, the Rowells argue that Justin was not afforded a fair and impartial hearing. The Rowells raised this issue through the Illinois state administrative and judicial proceedings, and the Illinois courts rejected the argument. (See Defs' Mot. to Dismiss, Ex. B, pp. 15-17.) The Rooker-Feldman doctrine forbids

6

this court from entertaining any suit raising the same issue, as well as any inextricably intertwined issue. See Remer, 205 F.3d at 996; Edwards, 2001 WL 946629 at *4; see also Levin, 74 F.3d at 766 (noting that Rooker-Feldman bars federal challenges to state-court decisions even where the challenges allege that the state court's action was unconstitutional). The equal protection claims are based on the same facts and circumstances of the due process claims, and the claimed injury (an unfair hearing) is also identical. Thus, the equal protection claim is inextricably intertwined with the due process claim. Under the Rooker-Feldman doctrine, this court lacks jurisdiction over the allegations of Count IV.

Count V alleges a due process and equal protection violation, specifically, that District 233 wrongfully found that Monique was not a resident, and that District 233 failed to provide Monique with information it obtained from District 161, which thwarted Monique's opportunity to respond to the questions about her residency. The Illinois Appellate Court specifically addressed the due process allegation in Count V and ruled against the Rowells. (See Defs.' Mot. to Dismiss Compl., Ex. B, pp. 14 - 15.) This court cannot grant the Rowells relief, because to do so would effectively void the state court's judgment. And, the court does not have jurisdiction over the equal protection allegations because they rest on the same facts and are inextricably intertwined with the due process allegations. See Remer, 205 F.3d at 996; Levin, 74 F.3d at 766. Therefore, the court lacks subject matter jurisdiction over the allegations of Count V.

Counts I, II, and III are based on Defendants' actions in response to the Rowells' attempts to enroll Jasmine, Justin, and Monique for the 1999-2000 school year. The Rowells allege that Defendants' actions deprived Jasmine, Justin, and Monique of due process and equal protection of the laws by refusing to grant them a hearing to determine their residency for 1999-2000. Defendants

7

contend that the residency determination made for the 1998-99 school year afforded all the process that was due to the Rowells for the 1999-2000 year.

The Rooker-Feldman doctrine also bars the allegations in Counts I, II and III. In their responsive brief, the Rowells admit that Defendants notified them that Defendants refused to enroll the Rowell children because Defendants did not believe the Rowells were residents. (See Pl. Resp., pp. 5-6 & Ex. B.) The Rowells admit that they then sought injunctive relief, and settled the case, so that the Rowell children were allowed to attend the Flossmoor schools without further challenge to their residency. (See Pl. Resp., pg. 6.) This settlement necessarily encompassed the due process allegations and the equal protection allegations that are inextricably intertwined therewith. To allow this suit to proceed here would be a revivification of claims that the parties settled in state court litigation. The Rooker-Feldman doctrine bars the court from doing so. To the extent the Rowells may be asking the court to review the terms of a contract the parties entered into to settle their dispute, the court declines to do so. That is an issue that must be reviewed by the state court. Cf. Unelko Corp. v. Prestone Prod. Corp., 116 F.3d 237, 239 (7th Cir. 1997).

### 2. Mootness:

Apart from the Rooker-Feldman doctrine, the procedural due process claims alleged in Counts I, II, and III are moot. "[D]ue process requires only that we ask whether the government deprived a person of a constitutionally protected interest in life, liberty, or property, and, if so, whether the deprivation took place without all the process that was due." Zinermon v. Burch, 494 U.S. 113, 125 (1990). "Evaluating these claims therefore requires a two-step inquiry: [the court] determine[s] initially whether there was a deprivation of a protected interest and, if so . . . whether the procedures attendant upon the deprivation were constitutionally sufficient." Vukadinovich v.

8

Board of School Trustees of the Michigan City Area Schools, 978 F.2d 403, 410 (7th Cir. 1992) (citation omitted). "[I]n determining what process is due, account must be taken of 'the length' and 'finality of the deprivation.'" Gilbert v. Homar, 520 U.S. 924, 932 (1997) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982)).

Assuming *arguendo* that the Rowells were deprived of a protected interest, the court must determine whether the procedures attendant upon the deprivation were constitutionally sufficient. As discussed above, Defendants notified the Rowells of their residency status for the 1999-2000 school year, and the Rowells sought judicial relief to challenge those decisions. In lieu of a formal hearing, the parties reached a settlement, by which the Rowells obtained the relief they sought, as the Rowell children were allowed to remain in the District 161 and 233 schools.

Article III, Section 2 of the United States Constitution requires that a "case or controversy" exist as a requisite for subject matter jurisdiction. Here, the procedural due process allegations in Counts I, II, and III were rendered moot when the Rowells received the relief they sought. The Rowells fail to point to any authority, statutory or otherwise, supporting the proposition that an individual is denied procedural due process by obtaining the relief he or she sought through settlement rather than through an adjudicatory hearing. Because the procedural due process claims of Counts I, II, and III are now moot, the court lacks jurisdiction over them.

### 3. Qualified Immunity:

Moreover, the individual Defendants are entitled to qualified immunity from suit on the procedural due process allegations of Counts I, II, and III. In a suit against a state official for an alleged violation of a constitutional right, the court must consider qualified immunity as early as practicable. See Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001). "[A] ruling on the issue of qualified

immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Id.; see also Hunter v. Bryant, 502 U.S. 224, 227 (1991) (stressing the "importance of resolving immunity questions at the earliest possible stage in litigation"). "An official entitled to qualified immunity is not only immune from personal liability but also from suit." Billings v. Madison Metropolitan School District, – F.3d –, No. 00-3980, 2001 WL 869366, *6 (7th Cir. Aug. 2, 2001) (citing Saucier, 121 S. Ct. at 2156).[2]

"Qualified immunity is available only to officials with discretionary or policymaking authority who are acting in their official capacities." Billings, 2001 WL 869366 at *6; Jacobs v. City of Chicago, 215 F.3d 758, 766 (7th Cir. 2000). Persons entitled to qualified immunity are not subject to liability unless their actions violate clearly established statutory or constitutional rights then known to a reasonable officer. Billings, 2001 WL 869366 at *6; Ulichny v. Merton Cmty. Sch. Dist., 249 F.3d 686, 706 (7th Cir. 2001). Qualified immunity is determined by a two-step, sequential analysis. Saucier, 121 S. Ct. at 2156. First, the court must determine if the facts alleged show that the state actor violated a constitutional right when viewed in the light most favorable to the party asserting the injury. Id. If the facts alleged do not establish a constitutional violation, there is no need to proceed to the second step of the qualified immunity analysis. Id. However, if a violation could be made out on a favorable view of the parties' submissions, the court must then determine whether the right was clearly established. Id. "In determining whether a right was clearly established at the time the defendant acted, 'the right allegedly violated must be defined at the

---

[2] Qualified immunity is unavailable as a defense to the School Board. Brokaw v. Mercer County, 235 F.3d 1000, 1022 n. 18 (7th Cir. 2000).

appropriate level of specificity before a court can determine if it was clearly established.'" Billings, ---F.3d---, 2001 WL 869366 *7 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)).

Assuming *arguendo* that the Rowell children have a constitutionally protected interest in attending Flossmoor schools, the Rowells admit that they have not been deprived of that interest.[3] It is undisputed that Defendants informed the Rowells that the residency of their children was in question for the 1998-99 school year, and provided them with the opportunity to request a hearing. The Rowells further admit that they received notice of the residency dispute for the 1999-2000 school year, and sought judicial relief on that issue. Thus, it is plain that Defendants were providing due process, and that Defendants' actions were not an unconstitutional deprivation thereof. Therefore, the court answers the first qualified immunity question in the negative, and finds that the individual defendants in their official capacities are entitled to qualified immunity against suit for the procedural due process violation claims alleged in Counts I, II, and III.

**B.   01 C 3518:**

In case number 01 C 3518, the parties are reversed, in that District 233 is the plaintiff, and the Rowells are the defendants. District 233 filed suit in the Circuit Court of Cook County seeking tuition from the Rowells for Monique's education in the 1998-99 school year, pursuant to the Illinois School Code and Illinois common law. The Rowells removed the suit to this court, and District 233 moves to remand.

---

[3] Both parties agree that the Rowell children were allowed to attend school in the Defendant School Districts during the period of disputed residency. (See Defs.' Mot. to Dismiss Compl., ¶¶ 4-6; Pls.' Resp. to Defs.' Mot. to Dismiss, pg. 6.) Therefore, it is difficult to discern how the Rowells were deprived of this *arguendo* protected interest.

11

28 U.S.C. § 1446 outlines the procedure for removal, and requires the removing defendant to file a notice of removal containing a short and plain statement of the court's jurisdiction. 28 U.S.C. § 1446(a). It is fundamental that the removing party has the burden of demonstrating that federal jurisdiction exists over the state suit at the time of removal. See id.; see also Tylka v. Gerber Prods. Co., 211 F.3d 445, 447 (7th Cir. 2000) (remanding a case where the defendant failed to correct a jurisdictional defect in its notice of removal). Another fundamental aspect of removal is the well pleaded complaint rule. See Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 966-67 (7th Cir. 2000). That is that a complaint arises under federal law only when it raises issues of federal law. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Thus, "a defendant's federal defense to a claim arising under state law . . . 'does not create federal jurisdiction and . . . does not authorize removal.'" Id. (quoting Blackburn v. Sundstrand Corp., 115 F.3d 493, 495 (7th Cir. 1997)).

Here, District 233's complaint is based entirely on Illinois statutory and common law, and the Rowells' notice of removal fails to even cite a basis for federal jurisdiction. This defect alone is sufficient to remand the case. See Tylka, 211 F.3d at 448 (noting a Judge's comment at oral argument that the case "should have been remanded instantly" due to the jurisdictional defect in the notice of removal). Moreover, the notice of removal appears to assert that removal is based on federal defenses to District 233's state law claims. (See Notice of Removal, ¶ 5.) That assertion runs afoul of the well pleaded complaint rule, and is no basis for removal. See Metropolitan Life Ins. Co., 481 U.S. at 63; Moran, 230 F.3d at 966-67.

The Rowells argue that removal is proper because the court 28 U.S.C. § 1367 confers supplemental jurisdiction over District 233's state law claims. This contention is without merit. A

12

case may be removed only where the complaint states a claim over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). That a state lawsuit containing both federal and state law claims may be removed, 28 U.S.C. § 1441(c), does not mean that a suit based entirely on state law may be removed and consolidated with an existing federal suit under 28 U.S.C. § 1367.

District 233 also moves the court for an award of attorney fees connected to the removal litigation. The court has discretion to award attorney fees where a case is removed without a basis for federal jurisdiction. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."). The court grants District 233 reasonable attorney fees pursuant to § 1447(c). The District is to submit a petition for fees by September 14, 2001. The Rowells may file any objection to the petition by September 28, 2001, and the District may reply by October 5, 2001.

### III. CONCLUSION

For the reasons stated above, the court: (1) dismisses case number 00 C 7819 pursuant to Federal Rule of Civil Procedure 12(b)(1); (2) remands case number 01 C 3518 to the Circuit Court of Cook County; and (3) grants District 233 reasonable attorney fees in an amount to be determined. IT IS SO ORDERED.

ENTER:

CHARLES R. NORGLE, SR., Judge
Unites States District Court

DATED: 8/31/01